**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

G & G CLOSED CIRCUIT EVENTS, LLC,

Plaintiff,

v.

SOCORRO MONTELONGO, individually and d/b/a COCO'S BAR; and SOCORRO MONTELONGO, individually and d/b/a COCO & COMPANY,

Defendants.

Case No. CIV-21-00426-JD

**ORDER**

Before the Court is Plaintiff G & G Closed Circuit Events, LLC's Motion for Default Judgment [Doc. No. 9] and Brief in Support [Doc. No. 10] (the "Motion"). Following the Clerk's Entry of Default on July 1, 2021 [Doc. No. 8], Plaintiff seeks a default judgment in its favor and against Socorro Montelongo, individually and d/b/a Coco's Bar, and Socorro Montelongo, individually and d/b/a Coco & Company, in the amount of $110,000.00, attorney's fees in the amount of $1,170.00, and costs in the amount of $416.00. Having reviewed the record and Plaintiff's submissions, and for the reasons stated below, the Court finds that the Motion should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff's Complaint alleges a violation of the Communications Act of 1934 as amended, 47 U.S.C. § 605, and the Cable Television Consumer Protection and

Competition Act of 1992, 47 U.S.C. § 553. *See* Compl. [Doc. No. 1]. Plaintiff alleges it held exclusive nationwide commercial distribution rights to the telecast of the *Saul "Canelo" Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program*, including all undercard bouts and fight commentary, on Saturday, May 4, 2019 (the "Program"), and that on that date Socorro Montelongo unlawfully intercepted, published, and exhibited the Program at Coco's Bar, a commercial establishment located at 3501 South Robinson Avenue, Oklahoma City, Oklahoma 73109 ("Coco's Bar"). *See id.* ¶¶ 8, 11, 15, 20–21.

The record reflects that Defendants were timely served and that the time for Defendants to answer or otherwise respond has expired. Defendants neither appeared nor filed any motion or pleading, and the Clerk entered the default of Defendants pursuant to Federal Rule of Civil Procedure 55(a) on July 1, 2021. *See* Clerk's Entry of Default [Doc. No. 8].

Plaintiff filed its Motion and supporting brief on November 4, 2021. [Doc. Nos. 9, 10]. The Motion reflects that it was mailed to Defendants. No timely response to the Motion has been made, and pursuant to LCvR7.1(g), the Court deems the Motion confessed.

## II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment may enter against a party who fails to appear or otherwise defend. That rule sets out a two-step procedure. Initially, the plaintiff must ask the Clerk of Court to enter default. Fed. R. Civ. P. 55(a). Once the Clerk has complied, the Plaintiff may seek default judgment under

Rule 55(b). *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)).

However, even after entry of default, the Court has an affirmative duty to determine its jurisdiction over the subject matter of the dispute and over the parties. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (requiring the district court to determine personal jurisdiction before entering a default judgment); *cf. Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (explaining generally that a district court "lacking [subject-matter] jurisdiction cannot render judgment"). Additionally, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." 10A Charles A. Wright et al., *Fed. Prac. & Proc.* § 2688.1 (4th ed.); *see also Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012) (stating same proposition).

## III. DISCUSSION

### A. Jurisdiction

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *Id.* at 1202–03.

The plaintiff's burden may be met on the basis of the pleadings and affidavits. *See, e.g., Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) ("Where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a *prima facie* showing." (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

Here, the record establishes that Defendants were served with process in Oklahoma and that the wrongful act complained of occurred in Oklahoma at an establishment owned and operated by Socorro Montelongo located in Oklahoma City. As such, the Court is satisfied that it has personal jurisdiction over Defendants. The Court also has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a violation of federal statutes.

**B. Basis for Liability**

As a result of Defendants' default, the Court accepts the well-pleaded factual allegations in Plaintiff's Complaint as true. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts"); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (unpublished) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The Complaint and the evidence submitted in support of Plaintiff's Motion establish that on Saturday, May 4, 2019, Socorro Montelongo owned or operated Coco's Bar, and caused portions of the Program, including commercials or preliminaries prior to the main event, to be exhibited on six televisions at Coco's Bar without a sublicense from Plaintiff. *See* Compl. ¶¶ 7–11, 15, 20–21; Aff. of Nicolin Decker [Doc. No. 10-2] at 1. Based on the pleadings and evidence submitted, the Court finds that Defendant Socorro Montelongo, individually and d/b/a Coco's Bar, committed a single violation of 47 U.S.C. § 605(a). *See Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008) ("[M]ost cases applying the statute in a commercial context have interpreted the showing of an event on a single night as one violation.") (citations omitted).[1] Given the nature of the safeguards in place to prevent persons from obtaining Plaintiff's Program from other than proper means, the Court finds that the interception and exhibition of the Program was willful. *See* Aff. of Nicolas Gagliardi [Doc. No. 10-1] at ¶ 9. Further, because the Program was exhibited at a commercial establishment, the Court finds that the Program was intercepted and exhibited for commercial advantage or private financial gain.

Plaintiff has not, however, established any violation of §§ 605(a) or 553(a) with respect to Coco & Company. Plaintiff's well-pleaded allegations establish that

[1] Although Plaintiff brought claims under 47 U.S.C. § 553, Plaintiff seeks by its Motion only awards of statutory and enhanced damages under 47 U.S.C. § 605. *See* Mot. ¶ 5; Br. at 9–10; *see also* Fed. R. Civ. P. 7(b) (a request for court order must be made by motion and the motion must state with particularity the grounds for seeking the order and state the relief sought). The Court notes that other district courts have found it would be an improper award of duplicative damages to allow recovery under both statutes. *See, e.g.*, *Kingvision*, 544 F. Supp. 2d at 1184.

Montelongo owned or operated Coco & Company, a commercial establishment operating at 12 SW 27th Street, Oklahoma City, Oklahoma 73129. However, neither the Complaint nor the evidentiary materials submitted by Plaintiff establishes that the Program was ever unlawfully intercepted or exhibited at Coco & Company. Accordingly, the Court finds that default judgment is appropriate only as to Defendant Montelongo, individually and d/b/a Coco's Bar.

**C. Damages**

By Motion, Plaintiff elects to recover damages as provided under 47 U.S.C. § 605(e)(3)(C)(i)(II), which authorizes an award of statutory damages for each violation of § 605(a) "in a sum of not less than $1,000 or more than $10,000, as the court considers just," and under § 605(e)(3)(C)(ii), which authorizes the Court, in its discretion, to increase the award of statutory damages by an amount of not more than $100,000 per violation if "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain . . . ."

Plaintiff requests that the Court award $10,000 in statutory damages and $100,000.00 in enhanced damages—the maximum amounts allowed under these provisions of the statute. The record establishes that the commercial sublicense fee to exhibit the Program at Coco's Bar would have been $1,500. *See* Gagliardi Aff. at ¶ 8. The evidence further shows that the occupancy capacity for Coco's Bar was 65 persons and that approximately 65 people were present. *See* Decker Aff. at 1.

Upon consideration, the Court finds that an award of statutory damages in the amount of $10,000 is just. This amount adequately compensates Plaintiff for the

commercial sublicense fee to which it was entitled and disgorges from the Defendant any profits obtained as a result of her unlawful broadcast of the Program.

Additionally, because Montelongo's conduct was willful and for the purpose of direct or indirect commercial advantage or private financial gain, the Court, in its discretion, finds that Plaintiff should also be awarded enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii). The record contains no evidence that Montelongo has previously engaged in similar conduct or that she derived significant profits from unlawfully exhibiting the Program. Additionally, the Court gives some consideration to the fact that Plaintiff's evidence shows that only portions of the Program were exhibited, not including the main event. On this record, the Court finds that an award of enhanced damages in the amount of $20,000 is proper to sufficiently punish Montelongo for her illegal conduct and deter future violations.

Based on the foregoing, Plaintiff is also entitled to an award of reasonable attorney's fees and costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff's counsel has submitted declarations setting forth a description of the work performed, the hourly rates charged, and the costs incurred. *See* Weintraub Decls. [Doc. Nos. 10-4 and 10-5]. The Court finds the amounts sought are reasonable, and awards attorney fees in the amount of $1,170.00 and costs in the amount of $416.00.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment [Doc. No. 9] is GRANTED IN PART and DENIED IN PART. Plaintiff G & G Closed Circuit Events, LLC is entitled to judgment pursuant to Federal Rule of Civil Procedure 55(b) against

Defendant Socorro Montelongo, individually and d/b/a Coco's Bar, for her violation of 47 U.S.C. § 605 as follows:

(1) statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(2) enhanced statutory damages in the amount of $20,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

(3) attorney fees in the amount of $1,170.00 and costs in the amount of $416.00 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

The Motion is otherwise DENIED.

IT IS SO ORDERED this 7th day of January 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE